UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

AGUSTINE HERNANDEZ,

   Plaintiff,

v.                Case No. 2:09-CV-167

PATRICK T. HARRINGTON,      HON. GORDON J. QUIST

   Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

   The Court has before it Plaintiff's Objection to the August 20, 2010, report and recommendation in which Magistrate Judge Greeley recommended that the Court grant Defendant's motion for summary judgment based upon Plaintiff's failure to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a). In support of his motion, Defendant submitted an affidavit from Richard B. Stapleton, the Administrator for the Office of Legal Affairs, Michigan Department of Corrections. Mr. Stapleton stated that a search of the Grievance Tracking database disclosed that Plaintiff had filed only one step III appeal. That appeal was received on October 18, 2005, more than three years prior to the date of the incident giving rise to the claim in this case. Because Plaintiff failed to show that he exhausted his claim through step III prior to filing his lawsuit, the magistrate judge concluded that Defendant is entitled to summary judgment.

   After conducting a *de novo* review of the report and recommendation, Plaintiff's Objection, and the pertinent portions of the record, the Court concludes that the report and recommendation should be adopted.

Plaintiff does not dispute that he did not pursue his grievance through step III. Rather, he argues that he did all that he was able to do to pursue his grievance. Plaintiff filed his step I grievance on June 2, 2009. The following day, June 3, 2009, he was transferred to another facility. On July 1, 2009, Plaintiff wrote to the grievance coordinator at KCF inquiring about the status of his grievance and how he should proceed in light of the respondent's failure to issue a timely response prior to the June 24, 2009, deadline. Plaintiff received no response from the grievance coordinator. Therefore, he filed his complaint in the instant case on July 31, 2009. That same day, he received the step I response, along with a step II appeal form.

Because Plaintiff failed to appeal his grievance through step III, his claim is unexhausted. As such, it is subject to dismissal without prejudice. *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006). Although Plaintiff contends that he did everything he was required to do to properly exhaust his grievance, Plaintiff is still not excused from pursuing his grievance through steps II and III. Pursuant to the MDOC's policy, if a prisoner does not receive a timely step I response, he must request the appropriate form and send it to the step II grievance coordinator. *See* Policy Directive 03.02.130 at ¶¶ T, DD (effective July 9, 2007). Similarly, if a prisoner does not receive a timely step II response, he must send a completed step III response to the Grievance and Appeals Section. *Id.* at ¶ F. Thus, rather than proceeding to file his complaint, Plaintiff should have proceeded with his step II and step III appeals. His failure to follow this procedure requires dismissal.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued August 20, 2010 (docket no. 20 ) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (docket no. 14) is **GRANTED,** and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust as required by 42 U.S.C. § 1997e(a).

A separate judgment will be entered.

This case is **concluded**.


Dated: September 28, 2010          /s/ Gordon J. Quist
                                    GORDON J. QUIST
                               UNITED STATES DISTRICT JUDGE