UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AGUSTINE HERNANDEZ,

        Plaintiff,                                      Case No. 2:09-cv-167

v.                                                    Honorable Gordon J. Quist

PATRICK T. HARRINGTON,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

        Plaintiff Agustine Hernandez, an inmate currently confined at the Chippewa Correctional Facility (URF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Counselor Patrick T. Harrington.  Plaintiff's complaint alleges that while he was housed at the Kinross Correctional Facility, two of his cell mates threatened to either kill him, or to do him great bodily harm.  Plaintiff claims that he approached Defendant on three separate occasions and asked if he could be relocated to a safer cell.  Plaintiff states that Defendant denied his first and second requests.  When Plaintiff made his third request, Defendant told him that if he could find an empty bunk in another room, he could move.  However, when Plaintiff informed Defendant that he had found an empty bunk, Defendant told him that he would have to have all three inmates in that cell kite him and indicate that they would accept Plaintiff as a roommate.  Plaintiff asked which policy required this, but Defendant refused to answer.  Plaintiff refused to get the inmates in the new cell to kite Defendant and stayed in the cell where he was being threatened.  On May 18, 2009, Plaintiff was attacked by one of his roommates, who "sucker punched" Plaintiff in the jaw.  Consequently, Plaintiff

suffered a fractured jaw, which had to be wired shut for approximately seven weeks. Plaintiff is seeking damages and injunctive relief.

Presently before the Court is Defendant's Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff has filed a response and the matter is ready for decision. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff claims that Defendant failed to move him to another cell despite being informed that Plaintiff was being threatened by cell mates. In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and must also "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)). To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, plaintiffs must show that the prison officials acted with "deliberate indifference" to a substantial risk that the defendant would cause prisoners serious harm. *Farmer,* 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996); *Taylor v. Mich. Dep't of Corr.* 69 F.3d 76, 79 (6th Cir. 1995). *See Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001). Furthermore, a prisoner must show that the failure to protect from risk of harm is objectively sufficiently serious. *Bishop v. Hackel,* 636 F.3d 757, 766 (6th Cir. 2011).

Defendant asserts that he is entitled to summary judgment on Plaintiff's official capacity claims against him because such claims are barred by the Eleventh Amendment. Any claims against the individually-named Defendants in their official capacities do not state a claim upon which relief can be granted. *See Will v. Michigan Department of State Police*, 491 U.S. 58 (1989) (claims against a state agency or an official in his/her official capacity are claims against the state, and are not claims against a "person" subject to Section 1983 liability); *Frederick v. Abramajtys*, No. 94-1935, 1995 WL 564321, **1 (6th Cir. Sept. 21, 1995) (unpublished). Moreover, the Eleventh Amendment bars suit against the State or one of its agencies in federal court unless the state has given express consent, regardless of the relief sought. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984), overruled in part on other grounds, *Will*, 491 U.S. 58; *Alabama v. Pugh*, 438 U.S.

3

781, 782 (1978) (State and Board of Corrections).[1] The State of Michigan has not consented to civil rights suits in the federal courts. *See Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). The Eleventh Amendment therefore bars official-capacity suits for damages against its employees. Therefore, any official capacity claims are properly dismissed.

Defendant also claims that Plaintiff's individual capacity claims are barred by qualified immunity because Plaintiff has failed to show a violation of clearly established law. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).

In making a qualified immunity determination the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 816. If the court can conclude that either no constitutional violation occurred or that the right was not clearly

---

[1] The Sixth Circuit has held that since an official capacity suit for retroactive relief, such as monetary damages, is deemed to be against the State, whose officers are the nominal Defendants, the claim is barred by the Eleventh Amendment. *Doe v. Wigginton*, 21 F.3d 733, 736-737 (6th Cir. 1994).

established, qualified immunity is warranted. The court may consider either approach without regard to sequence. *Id*.

Defendant attests that although Plaintiff requested to be moved to another cell, he did not inform Defendant that he was being threatened by his cell mates. Specifically, Defendant states that in the Spring of 2009, Plaintiff asked him if he could move to a different room. Defendant informed Plaintiff that he would have to find an empty bunk and that the prisoners in that room would have to agree to him moving in. Approximately one month later, Plaintiff repeated the request and Defendant responded in the same manner. Defendant did not ask Plaintiff why he was thinking about moving, as his questions about the move procedure were entirely routine. Defendant asserts that Plaintiff did not offer a reason for his requests and did not tell Defendant, or any of the floor officers, that he was having problems with his roommates. Finally, Defendant attests that if Plaintiff had told him that he was being threatened, he would have offered Plaintiff protective custody and documented the request. (Defendant's Exhibit A, ¶¶ 4-8.)

Defendant also offers a copy of the critical incident report of the May 18, 2009, incident, as well as Plaintiff's voluntary request for protective custody, also dated May 18, 2009. (Defendant's Exhibits B and C.) In the critical incident report, the reporting officer, Sergeant B. Johnson, stated:

> At 0700 hrs, Inmate Hernandez 194978 (A-3-71) approached [Resident Unit Officer] Couling at the A-3 officers desk and stated that he had been punched in the mouth by Inmate Kelly 482056 (A-3-72). Inmate Hernandez was escorted to Health Service by [Corrections Officer] Watson. Inmate Hernandez was evaluated by R.N. A. Manzardo and then transported to War Memorial Hospital by [Corrections Officers] B. Gustafson and M. Miller. Sgt. Johnson interviewed Inmates Brown 224137 (A-3-70), Ferguson 220035 (A-3-69) and Kelly 482056 (A-3-72) which all stated that they did not know what happened to Hernandez. Inmate Kelly states that he never touched inmate Hernandez. Inmate Ferguson states that he was in the

> room and did not see anyone hit Inmate Hernandez. Inmate Brown states that he was in the bathroom at the time of the incident. Inmates Kelly, Brown and Ferguson were checked for marks or wounds by Sgt. Johnson with none being found. Inmate Hernandez was placed in segregation for protection upon his return from War Memorial Hospital.

(Defendants' Exhibit B.)

> In the request for voluntary classification to protective segregation, it is noted that:

> Prisoner Hernandez states that Prisoner Kelly 480256 told him to stop moving the bunk beds as he was trying to sleep. Prisoner Hernandez stated [prisoner Kelly] punched him in the mouth, then [Plaintiff] left the room and told [Resident Unit Officer] Couling of the incident. Investigation of othere roommates could not verify claim. Prisoner will be released to [general population].

(Defendants' Exhibit C.)

In response to Defendant's motion, Plaintiff reasserts the allegations set forth in his complaint, stating that he had indeed informed Defendant of the threats he had been receiving from his roommates on three separate occasions. In addition, Plaintiff states that he was not moving his bunk from one location to another in the cell, but was merely moving about in his bed. Because Plaintiff was on the bottom bunk, his movements caused the top bunk to shake. When this occurred, prisoner Kelly put his hands on Plaintiff's neck and told him to stop shaking the bed. Plaintiff states that this is what led to him being punched in the jaw by prisoner Kelly.

A further review of the record shows that Plaintiff's grievance regarding this issue, which was filed on June 2, 2009, asserts that Plaintiff told Defendant that he was requesting to be moved because "Kelly was threating [sic] me" and "for safety reasons." (Plaintiff's Exhibit A to his response to Defendant's October 21, 2009, motion to dismiss, p. 5, docket #17.) The response to this grievance states:

6

> [Assistant Resident Unit Supervisor] Harrington states that Hernandez never indicated to him that he was having issues in his room with anyone. Hernandez did request a room move sometime in April, 2009 and was told to look for a bunk to move to. This is the normal procedure regarding a prisoner requested move. Prisoner never returned with a room request. Prisoner did not state to the [Defendant] why he was requesting the room move.
>
> It appears that [Plaintiff] made a small attempt to move from his room. However, he never indicated to staff that there was a problem. Staff took no immediate action as none seemed necessary.
>
> There is no resolution requested in this grievance, only the statement that "this never would have happened if [Defendant] would have moved me." Prisoner may have been moved had he been more forthcoming regarding the reason for his request.

Plaintiff's Exhibit A, p. 2, docket #17.)

Defendant, citing *Stewart v. Love,* 696 F.2d 43 (6th Cir.1982), contends that this was merely an isolated attack which was the result of a disagreement between roommates. However, without more, the fact that Plaintiff was only attacked once is not sufficient to defeat his Eighth Amendment claim. "[T]he mere failure to protect an inmate on a[s]ingle occasion can constitute a deprivation of constitutional rights giving rise to a claim under § 1983." *Redmond v. Baxley,* 475 F. Supp. 1111, 1117 (D.C. Mich. 1979) ( citing *Estelle v. Gamble*, 429 U.S. 97 (1976)).

In this case, the record shows that there is an issue of fact regarding whether Plaintiff told Defendant that he was being threatened by his roommates and that was the reason he was seeking to be moved to a different cell. Therefore, the undersigned concludes that Defendant is not entitled to qualified immunity on Plaintiff's failure to protect claim.

In summary, in the opinion of the undersigned, Defendant is not entitled to summary judgment. Accordingly, it is recommended that Defendant's Motion for Summary Judgment (Docket #39) be denied.

7

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: March 2, 2012